Taft, J.
The first question to be considered is whether the General Assembly intended that federal securities should be excluded from the assets of a financial institution in the assessment for taxation of the interests of the depositors and shareholders of the institution.
Provision for such assessment is found in Sections 5406 to 5414, inclusive, General Code.
There is no provision in those statutes which would indicate any legislative intent to so exclude federal securities.
However, it is argued that those statutes should be read in pari materia with Section 5323, General Code, a part of the intangible tax law, which excludes federal securities from the definition of taxable investments. Wrenn Paper Co. v. Glander, Tax Commr., 156 Ohio St., 583, 103 N. E. (2d), 756, is cited in support of this argument.
On rehearing of that case, the judgment was adhered to by a four to three vote. Likewise, paragraph three of the syllabus was adhered to by four members of this court as then constituted. See 158 Ohio St., 15, 106 N. E. (2d), 625. That paragraph of the syllabus does state that Sections 5485 to 5524, General Code, providing for a corporate franchise tax, are in pari materia with Sections 5328-1 and 5323, General Code, and so require exclusion of federal securities from the determination of the franchise tax. However, that paragraph also points out that the franchise tax statutes provide that, in determining the franchise tax, the Tax Commissioner shall be guided by the provisions of Section 5328-1, General Code, and that section by its terms necessarily leads to Section 5323, General Code. It is sufficient to state that *122 there is no language in the statutes providing for assessment of the taxes involved in the instant eases which indicates any intention that the Tax Commissioner shall be guided in such assessment by Section 5328-1 or Section 5323, General Code. We see no justification therefore for reading the assessment statutes here involved in pari materia with either Section 5328-1 or Section 5323, General Code.
The other arguments advanced in the instant cases were necessarily based upon the premise that the decisions of the Board of Tax Appeals in favor of the Society for Savings in City of Cleveland and the, First Federal Savings & Loan Association of Warren would be affirmed. In view of our conclusions with respect to those two decisions (see Society for Savings v. Peck, Tax Commr., supra, and First Federal Savings & Loan Assn. v. Peck, Tax Commr., post, 149), there is no longer any foundation for those arguments.
The decisions of the Board of Tax Appeals are affirmed.

Decisions affirmed.

Weygandt, C. J., Middleton, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.